a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RAJWINDER SINGH NATT, Petitioner | CIVIL ACTION NO. 1:20-CV-0261-P |
| VERSUS | JUDGE DRELL |
| CHAD WOLF, *ET AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Emergency Motion to Stay (ECF No. 2) filed by *pro se* Petitioner Rajwinder Singh Natt ("Natt") (A#201-917-735).  Natt is a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), detained at the LaSalle Correctional Center in Olla, Louisiana.  ECF No. 1-2 at 1.  Natt challenges the denial of asylum and seeks a stay of his removal.

Because this Court lacks jurisdiction over Natt's claims, the Motion to Stay (ECF No. 2) and Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I.    Background

Natt is a native and citizen of India.  ECF. No. 1 at 5.  Natt entered the United States and immediately expressed a fear of returning to India.  ECF Nos. 1 at 9; 1-1 at 18.  Natt was referred for a credible fear interview with an asylum officer.  ECF Nos. 1 at 9; 1-1 at 2. The asylum officer determined that Natt did not establish

credible fear of persecution or torture under 8 C.F.R. 208.30.  ECF No. 1-1 at 3-4.  An immigration judge agreed with the findings of the asylum officer.  ECF No. 1-1 at 2.

II.     Law and Analysis

In his § 2241 Petition, Natt challenges the credible fear finding and denial of asylum by the immigration judge.  ECF No. 1 at 10, 15.  In his Emergency Motion to Stay, Natt asks the Court to enjoin his removal while his habeas petition is pending before the Court.  ECF No. 2 at 1-2.

In May 2005, Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019).  Pursuant to the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C. § 1252(a)(5); *Shah v. Dir., Jackson Par. Correctonal Ctr.*, 3:19-CV-1164, 2019 WL 4254139, at *2 (W.D. La. Sept. 6, 2019).   The Act further provides that no court may enter "declaratory, injunctive, or other equitable relief" pertaining to an expedited removal order except as "specifically authorized in a subsequent paragraph of this subsection." 8 U.S.C. § 1252(e)(1).  No subsequent paragraph of Section 1252(e)(1) specifically authorizes the Court to grant Natt injunctive relief.

In accord, the United States Court of Appeals for the Fifth Circuit has routinely held that the REAL ID Act strips district courts of jurisdiction to consider requests

for a stay of removal. *Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) (*per curiam*)

("The district court therefore correctly determined that it lacked jurisdiction to stay

the order of removal."); *Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d

133 (5th Cir. 2000) (*per curiam*) ("[T]he district court correctly determined that it was

without jurisdiction to consider Fabuluje's request for a stay of the removal

proceedings."); *see also Alvarado-Zamarripa v. Warden, IAH Secure Det. Facility*,

1:17-CV-402, 2019 WL 1301992, at *2 (E.D. Tex. Feb. 12, 2019), *report and

recommendation adopted*, 2019 WL 1301910 (E.D. Tex. Mar. 20, 2019) (district court

lacked jurisdiction to consider request for stay of removal).

And the Fifth Circuit has further clarified that, unless the petition containing

a request for stay was pending on May 11, 2005, the date the Act was enacted, a

district court should not transfer such a petition directly to an appellate court. *See,

e.g., Castillo-Perales v. Holder*, 411 F. App'x 695, 696 (5th Cir. 2011) ("[T]he district

court could not have transferred Castillo's § 2241 petition to this court as a petition

for review because the petition was not pending on May 11, 2005, the effective date

of the Real ID Act."); *Mansoor v. Gonzales*, 188 F. App'x 273 (5th Cir. 2006) ("Because

Mansoor's § 2241 petition was not pending in the district court on May 11, 2005, the

district court's transfer of the case to this court under the REAL ID Act was

improper.").

Natt asserts that the Court has jurisdiction under the Suspension Clause.

However, the Fifth Circuit, and district courts in this circuit, have rejected

consideration of that argument. *See Brumme v. INS*, 275 F.3d 443, 448 (5th Cir.

2001) (characterizing argument that courts have jurisdiction under § 1252(e)(2)(B) to determine whether the expedited removal statute "was applicable in the first place" as an attempt to make "an end run around" the "clear" language of § 1252(e)(5)); *see also Diaz Rodriguez v. U.S. Customs & Border Prot.*, 6:14-CV-2716, 2014 WL 4675182, at *4 (W.D. La. 2014), *vacated sub nom. Diaz-Rodriguez v. Holder*, 14-31103, 2014 WL 10965184 (5th Cir. 2014) ("[T]he legislatively imposed limitation on review of his expedited removal order in his particular case does not run afoul of the Suspension Clause."); *Shah*, 2019 WL 4254139, at *3; *Hidalgo-Mejia v. Pitts*, 343 F. Supp. 3d 667, 672 (W.D. Tex. 2018); *Bansci v. Nielsen*, 321 F. Supp. 3d 729, 737 (W.D. Tex. 2018).

The REAL ID Act divested this Court of jurisdiction over Natt's Petition. No exception applies in this case. And the Suspension Clause does not require a different result. Therefore, dismissal of Natt's Petition and Motion without prejudice is the appropriate remedy. *See Philius v. McAleenan*, 19-CV-701, 2019 WL 4134287, at *1 (W.D. La. Aug. 29, 2019); *Segura-Mundo v. Hudson*, 09-CV-1717, 2009 WL 10711802, at *4 (S.D. Tex. Nov. 30, 2009).

III.   Conclusion

Because this Court lacks jurisdiction over Natt's claims, IT IS RECOMMENDED that the Petition (ECF No. 1) and Motion for Emergency Stay (ECF No. 2) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 28th day of February 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

5